PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TARIQ LIYUEN ADEVEMI BELT, | ) | |
| | ) | CASE NO. 4:15CV01592 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE, *dba* | ) | |
| FEDERAL CORRECTIONAL | ) | |
| INSTITUTION ELKTON, | ) | |
| | ) | |
| Defendant. | ) | **ORDER** |

**I. Introduction**

On August 10, 2015,[1] Plaintiff Tariq Liyuen Adevemi Belt, proceeding *pro se*, filed this action for a Writ of Mandamus against Defendant U.S. Department of Justice "dba FBOP Branch FCI Elkton Personally." ECF No. 1. The Complaint, which seeks money damages, consists of unintelligible legal assertions unsupported by relevant factual allegations. ECF No. 1.

**II. Standard of Review**

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if

---

[1] While docketed on August 11, 2015, it appears the Complaint was received on August 10, 2015.

(4:15CV01592)

the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000).

A cause of action fails to state a claim upon which relief my be granted when it lack "plausibility in the complaint." *Bell At. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the pleading are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but the complaint must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudett*, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court

(4:15CV01592)

from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.*

### III. Law and Discussion

Federal district courts are provided with mandamus jurisdiction in 28 U.S.C. § 1361 "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." To obtain relief under § 1361, an individual must establish that he has a clear right to relief and that a federal employee has a clear, nondiscretionary duty to act. *See Heckler v. Ringer*, 466 U.S. 602, 616–17 (1984); *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir.1995); *Ryon v. O'Neill*, 894 F.2d 199, 205 (6th Cir.1990). Plaintiff must also demonstrate that no other adequate remedy is available. In connection with the last requirement, it is important to bear in mind that mandamus does not supersede other remedies, but rather becomes effective when there is a want of such remedies. *Carter v. Seamans*, 411 F.2d 767, 773 (5th Cir. 1969).

It appears that the crux of Plaintiff's argument is that Defendant "demonstrated forgery of a document and process in attempted discipline proceeding" and that Plaintiff may have had his term of imprisonment extended as a result of infractions. ECF No. 1 at 2. Even construing the Complaint filed in this case liberally in a light most favorable to Plaintiff, *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008), it does not contain allegations reasonably suggesting he might have a valid federal claim, in mandamus or otherwise. *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716 (6th Cir. 1996) (court not required to accept summary allegations or unwarranted

3

(4:15CV01592)

legal conclusions in determining whether complaint states a claim for relief). Moreover, to the extent Plaintiff may be seeking to challenge his conviction and incarceration, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 501 (1973).

### IV. Conclusion

Based on the foregoing, this action is dismissed pursuant to 28 U.S.C. § 1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. All pending motions are hereby moot.

IT IS SO ORDERED.

| | |
|---|---|
| August 21, 2015 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |